1  PAMELA Y. PRICE, ESQ. (STATE BAR NO. 107713)
2  PRICE AND ASSOCIATES
   The Latham Square Building
3  1611 Telegraph Avenue, Suite 1450
   Oakland, CA 94612
4  Telephone: (510) 452-0292
   Facsimile: (510) 452-5625
5
6  Attorneys for Plaintiff
   ADOLPH L. VINCENT, JR.
7

8  # E-filing

9  UNITED STATES DISTRICT COURT

10  NORTHERN DISTRICT OF CALIFORNIA

ADR

11

12

GO 44 SEC. N
NOTICE OF ASSIGNMENT
TO MAGISTRATE JUDGE SENT

ADOLPH L. VINCENT, JR.                    )    NO. **C07-05531**  BZ
                                          )
            Plaintiff,                    )    **COMPLAINT FOR EMPLOYMENT**
                                          )    **DISCRIMINATION**
       v.                                 )
                                          )    **(JURY TRIAL DEMANDED)**
PACIFIC GAS & ELECTRIC, CO., RICK         )
FUHRMAN, and DOES 1 through 15            )
19  inclusive,                            )
                                          )
20          Defendants.                   )
                                          )
21

22          Plaintiff ADOLPH L. VINCENT, JR. by and through his attorneys, alleges as
23  follows:

24                      **JURISDICTION AND VENUE**

25          1.    This action arises under 42 U.S.C. Sections 1981(a) and 42 U.S.C. 2000.

26  Plaintiff invokes jurisdiction over his federal claim pursuant to the provisions of 28 U.S.C. §§

27  1331 and 1343. The acts and practices complained of herein occurred in Fresno County,

28

                                    -1-
                          COMPLAINT FOR DISCRIMINATION

1  California.   Defendant PACIFIC GAS & ELECTRIC's primary place of business is San

2  Francisco, California, within this judicial district.

3
4          2.      Plaintiff invokes jurisdiction over his state law claims pursuant to the

5  provisions of 28 U.S.C. § 1367. The claims that arise under state law relate to claims within the

6  original jurisdiction of this Court such that the federal and state claims form part of the same

7  case and controversy under Article III of the United States Constitution.

8                                      **PARTIES**

9          3.      Plaintiff ADOLPH L. VINCENT, JR. ("Plaintiff" or "MR. VINCENT")

10  is a United States citizen and an African American male.

11         4.      Defendant PACIFIC GAS & ELECTRIC COMPANY ("PG&E") is a

12  semi-public utility responsible for delivering gas and electricity to the general public and

13  businesses within the State of California.

14
15         5.      Defendant RICK FUHRMAN is a Caucasian male employed by

16  Defendant PG&E, and at all times relevant herein, was assigned as MR. VINCENT's

17  supervisor.                      6.      At all times herein mentioned, each Defendant was an

18  employee and agent of each remaining Defendant, and acted within the scope of said

19  employment and agency when committing the acts and omissions described in this Complaint.

20  MR. VINCENT believes and alleges that each wrongful act and omission by a Defendant was

21  committed with express or implied approval of every other Defendant, and that each Defendant

22  ratified and approved all acts and omissions of the others.

23
24                              **FACTUAL ALLEGATIONS**

25         7.      MR. VINCENT began his career with PG&E on or around April 4, 1970.

26  On February 10, 2006, MR. VINCENT was terminated from his position as a Gas and Electric

27  Service Supervisor.  During MR. VINCENT's employment, there were only two African

28  Americans in Field Services supervising Gas Service Representatives in the entire PG&E

1164P200-PYP                                  -2-

1    system.

2            8.      At all times relevant herein, PG&E employed fifty or more employees.

3            9.      In the twelve (12) months preceding the acts set forth herein, MR.
4
5    VINCENT had been employed by PG&E for twelve (12) months and had at least one thousand
6    two hundred fifty (1,250) hours of service.

7            10.     Beginning in or about August of 2005, MR. VINCENT advocated for an
8    African American employee who for the last 20 years officiated at NCAA Basketball games.
9    Defendant FUHRMAN disagreed and angrily chastised MR. VINCENT for attempting to
10
11   accommodate the employee. After MR. VINCENT's discussion with Defendant FUHRMAN
12   regarding the African American employee, Defendant FUHRMAN began to closely scrutinize
13   MR. VINCENT's work. His vacations were cut short, and he was ordered not to communicate
14   with his son who was also employed by PG&E. Non-African American employees were not
15   treated in this manner.
16
17           11.     In October 2005, the African-American employee was excused from
18   work due to a serious medical condition. Defendant FUHRMAN began to closely monitor the
19   absences of the African American employee and ordered MR. VINCENT to deny the employee
20   Family Medical Leave. MR. VINCENT refused to violate the employee's civil rights and was
21   subjected to increasingly sharp verbal and hostile reprimands by Defendant FUHRMAN. Non-
22   African American employees were not treated in this manner. There were Caucasian employees
23
24   who used equal or more sick leave hours because of personal illnesses or off the job injuries, but
25   Defendant FUHRMAN never pulled their records or confronted their Caucasian supervisor.

26           12.     During the period of time that Defendant FUHRMAN was MR.
27   VINCENT's supervisor, MR. VINCENT was denied opportunities for upgrades, special
28   assignments and mentoring. Nearly everyone else on Defendant FUHRMAN's staff was given

1164P200-PYP                                    -3-
                        COMPLAINT FOR DISCRIMINATION

the opportunity to relieve his position in his absence.  Caucasian employees with less experience

received that opportunity while Defendant FUHRMAN denied MR. VINCENT the opportunity.

Defendant FUHRMAN never selected MR. VINCENT to go on special assignments or

acknowledged him in group meetings.  Non-African Americans were not been treated in this

manner.

13.    Defendant FUHRMAN often asked MR. VINCENT his age and when he

was going to retire.  In July 2005, he asked the same question during a transformation retention

discussion.  MR. VINCENT would respond that he was not planning to retire anytime soon.

Defendant FUHRMAN suggested on more than one occasion the MR. VINCENT should get out

as soon as he could.  MR. VINCENT was terminated two weeks after his 59th birthday.

14.    On May 22, 2006, MR. VINCENT timely filed a charge of discrimination

based upon race discrimination, age discrimination, denial of family medical leave and

retaliation with the California Department of Fair Housing and Employment (hereinafter

referred to as "DFEH") against PG&E.  MR. VINCENT also submitted a charge to the Equal

Employment Opportunity Commission (hereinafter referred to as "EEOC) pursuant to Title VII

of the 1964 Civil Rights Act.  On May 18, 2007, the DFEH issued A Notice of Right to Sue.  On

September 21, 2007, the EEOC issued a Notice of Right to Sue.

### DAMAGES

15.    As a result of the acts alleged herein, MR. VINCENT sustained and will

continue to sustain substantial loss of earnings, and benefits in an amount to be determined

according to proof.

16.    As a further proximate result of the Defendants' actions as alleged herein,

MR. VINCENT was humiliated, hurt and injured in his health, strength and activity, and

suffered and continues to suffer loss of reputation, goodwill and standing in the community,

-4-
COMPLAINT FOR DISCRIMINATION

scorn and humiliation, embarrassment, hurt feelings, mental anguish and suffering, depression, anxiety, loss of enjoyment of life, and a general loss of self-esteem and well-being, all to MR. VINCENT's damage in an amount to be shown according to proof.

17.     Defendants' acts were wilful, wanton, malicious and oppressive in that they knew or should have known that their conduct was unreasonable and illegal.  Furthermore, Defendants' acts were carried out in wilful and conscious disregard of MR. VINCENT's rights and well-being, entitling MR. VINCENT to punitive damages in an amount appropriate to punish or make an example of each Defendant.

**FIRST CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1981**
**RACE DISCRIMINATION**
**(AGAINST ALL DEFENDANTS)**

18.     MR. VINCENT hereby realleges and incorporates by reference Paragraphs 1 through 17, inclusive, as if fully set forth herein.

19.     In committing the acts and omissions alleged herein, Defendants intentionally, and without justification, deprived MR. VINCENT of the rights, privileges and immunities secured to him by the Constitution and laws of the United States, particularly his right to be free from intentional discrimination based on race, as provided by 42 U.S.C. § 1981.

20.     In doing each and all of the acts alleged herein, Defendants acted in conformance with PG&E's official policy, custom and practices of tolerating, encouraging and approving racial discrimination.

**WHEREFORE,** Plaintiff prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**VIOLATION OF FEHA**
**RACE DISCRIMINATION**
**(AGAINST ALL DEFENDANTS)**

21.     MR. VINCENT hereby realleges and incorporates by reference

Paragraphs

1 through 20, inclusive, as if fully set forth herein.

22.    Defendants PG&E and FUHRMAN, by their conduct as herein alleged,

deprived MR. VINCENT on the grounds of his race, of his rights, privileges and immunities

secured by the laws of the State of California, particularly his right to be free from

discrimination based on his race under Section 12940 *et seq.* of the Government Code.

**WHEREFORE**, Plaintiff prays for relief as hereinafter set forth.

**THIRD CAUSE OF ACTION**
**VIOLATION OF FEHA**
**RETALIATION**
**(AGAINST ALL DEFENDANTS)**

23.    MR. VINCENT hereby realleges and incorporates by reference

Paragraphs 1 through 22, inclusive, as if fully set forth herein.

24.    In further violation of FEHA, Defendants, their agents, representatives

and employees retaliated against MR. VINCENT for exercising his statutorily protected rights.

**WHEREFORE**, Plaintiff requests relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF FEHA**
**FAMILY MEDICAL LEAVE**

25.    MR. VINCENT hereby realleges and incorporates by reference

Paragraphs 1 through 24, inclusive, as if fully set forth herein.

26.    At all times relevant herein, MR. VINCENT's mother suffered from

Chronic Obstructive Pulmonary Disease, Diabetes Mellitus, Congestive Heart Failure,

Dyslipidemia and kidney disease, each of which is a serious health condition, pursuant to

Government Code section 12945.2(c).

27.    MR. VINCENT's mother and most of his family live in New Orleans,

1  Louisiana. Hurricane Katrina struck New Orleans on August 23, 2005. MR. VINCENT's

2  sisters, brother, mother and in-laws lost everything they owned. One of MR. VINCENT's

3  uncles drowned. He also had four Katrina survivors living in his home.

4

5     28.     MR. VINCENT requested and was granted a vacation from October 14,

6  2005 to November 4, 2005 to travel to New Orleans to help his mother and the rest of the family

7  in the aftermath of Hurricane Katrina.

8     29.     On or about October 26, 2005, while MR. VINCENT was aiding his

9  mother, she became ill and was hospitalized due to shortness of breath. MR. VINCENT

10 provided comfort and aid to his mother while she was hospitalized. MR. VINCENT's presence

11 calmed his mother.

12

13    30.     On November 2, 2005, MR. VINCENT's mother remained hospitalized

14 indefinitely. MR. VINCENT contacted Defendant FUHRMAN and requested an extension of

15 his vacation. Defendant FUHRMAN denied his request. MR. VINCENT then requested CFRA

16 leave to continue to care for his mother. Defendant FUHRMAN denied this request, telling

17 MR. VINCENT "have your family take care of family and you take care of PG&E," or words to

18 that effect. When MR. VINCENT relayed that his mother was critically ill and in the ICU,

19 Defendant FUHRMAN stated to MR. VINCENT that he "better get back by the scheduled

20 return date," or words to that effect.

21

22    31.     Instead of staying in New Orleans to care for his mother, MR. VINCENT

23 returned to work because he feared being terminated. He felt that he was forced to abandon his

24 very ill mother. No other individuals in his family were able to provide the comfort to his

25 mother because they too were suffering from the effects of Hurricane Katrina in that all of them

26 had lost their homes, vehicles and some had missing or deceased family members. In order to

27 arrive back to work on time, MR. VINCENT and his wife had to drive for thirty-six (36) hours

28

1164P200-PYP

COMPLAINT FOR DISCRIMINATION

straight across country from Louisiana to California.

32.    The unwarranted and arbitrary denial of the CFRA leave caused MR.
VINCENT to suffer severe emotional distress.

33.    By virtue of the allegations set forth herein, PG&E violated California
Government Code Sections 12940(k) and 12945.2(l).

**WHEREFORE**, Plaintiff requests relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
### VIOLATION OF FEHA
### AGE DISCRIMINATION
### (AGAINST DEFENDANT PG&E)

34.    MR. VINCENT hereby realleges and incorporates by reference
Paragraphs 1 through 33, inclusive, as if fully set forth herein.

35.    Defendants PG&E and FUHRMAN, by their conduct as herein alleged,
deprived MR. VINCENT on the grounds of his age, of his rights, privileges and immunities
secured by the laws of the State of California, particularly his right to be free from
discrimination based on his age under Section 12940 *et seq.* of the Government Code.

**WHEREFORE**, Plaintiff requests relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
### VIOLATION OF FEHA
### FAILURE TO PREVENT DISCRIMINATION
### (AGAINST DEFENDANT PG&E)

36.    MR. VINCENT hereby realleges and incorporates by reference
Paragraphs 1 through 35, inclusive, as if fully set forth herein.

37.    California law prohibits an "employer" from harassing, discriminating or
retaliating against an employee based on that employee's race (African-American) and requires
an employer who knows or should have know of such harassment to take immediate and
appropriate corrective action to stop such harassment, and to take all reasonable steps to prevent

-8-
COMPLAINT FOR DISCRIMINATION

1    harassment from occurring.

2        38.    By reason of the conduct of Defendants, MR. VINCENT has necessarily

3    retained attorneys to prosecute this action. MR. VINCENT is therefore entitled to reasonable

4    attorney's fees.

5        WHEREFORE, Plaintiff requests relief as hereinafter set forth.

6

7                    SEVENTH CAUSE OF ACTION
                     VIOLATION OF TITLE VII
8                    RACE DISCRIMINATION
                     (AGAINST DEFENDANT PG&E)
9

10        39.    MR. VINCENT hereby realleges and incorporates by reference Paragraphs

11    1 through 38, as if fully set forth herein.

12        40.    This action is brought pursuant to Title VII of the United States Civil

13    Rights Act of 1964, as amended, Title 42 U.S.C. Section 2000e *et seq.* (hereinafter "Title VII"),

14    to obtain relief for MR. VINCENT for discrimination in employment because of his race.

15

16        41.    MR. VINCENT is a member of a protected group under Title VII of the

17    Civil Rights Act.

18        42.    Defendant PG&E's discriminatory actions against MR. VINCENT in

19    violation of Title VII have also caused and will continue to cause him loss of income, and losses

20    of all other benefits accruing to said employment opportunity.

21        WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

22

23                    EIGHTH CAUSE OF ACTION
                     VIOLATION OF TITLE VII
24                    RETALIATION
                     (AGAINST DEFENDANT PG&E)
25

26        43.    MR. VINCENT hereby realleges and incorporates by reference Paragraphs

27    1 through 42, as if fully set forth herein.

28        44.    During the years of his employment with Defendant PG&E, MR.

1   VINCENT has had a reasonable good faith belief that the actions of the Defendants violated

2   Title VII.  Based upon this belief, MR. VINCENT refused to engage in discriminatory or

3   retaliatory conduct.

4

5          45.    Defendant PG&E was aware that MR. VINCENT engaged in protected

6   activity, and as a result of MR. VINCENT's protected activity, Defendant PG&E subjected MR.

7   VINCENT to adverse treatment, including but not limited to his termination.

8          46.    In violation of Title VII and in violation of the provisions of 42 United

9   States Code §1981, Defendants, their agents, representatives and employees retaliated against

10  MR. VINCENT for exercising his statutorily protected rights.

11

12         **WHEREFORE**, Plaintiff requests relief as hereinafter set forth.

13                          **NINTH CAUSE OF ACTION**
                        **WRONGFUL TERMINATION IN**
14                      **VIOLATION OF PUBLIC POLICY**
                        **(AGAINST DEFENDANT PG&E)**
15

16         47.    MR. VINCENT hereby realleges and incorporates by reference

17  Paragraphs 1 through 46, inclusive, as if fully set forth herein.

18         48.    The right to discharge an employee under any contract of employment is

19  limited by considerations of public policy.

20         49.    There exists a fundamental anti-discrimination public policy in the state

21  of California and in the United States as reflected in the California Constitution, Article I,

22  Section 8, the Fair Employment and Housing Act, Government Code § 12940, *et seq.*, Title VII

23  of the Civil Rights Act of 1964 [42 U.S.C. § 2000e, *et seq.*] and the Fourteenth Amendment to

24  the U.S. Constitution expressing public hostility to employment discrimination, retaliation for

25  opposing employment discrimination, and those who aid and abet such discrimination and other

26  actions which disable African-Americans from full participation in the economic arena.  This

27

28

race-based employment discrimination and retaliation for opposing same which resulted in Plaintiff's termination as alleged herein thereby violates said public policy and had the effect of preventing Plaintiff from pursuing his vocation and continuing in the position from which he was terminated by Defendant PG&E.

50.    There also exists a fundamental public policy in the state of California and in the United States as reflected in California Labor Code § 1102.5, subdivision (b), which prohibits employer retaliation against an employee who reports a reasonably suspected violation of the law.  This statute reflects the broad public policy interest in encouraging workplace whistle blowers, who may without fear of retaliation, report concerns regarding an employer's illegal conduct.  This public policy extends to employees who are not directly protected by the statute itself because Labor Code § 1102.5 evinces a strong public interest in encouraging employee reports of illegal activity in the workplace.  An employer may not terminate an employee for disclosing to a government agency or management the employer's possible illegal conduct without violating fundamental public policy.

51.    Plaintiff engaged in activity protected by the fundamental public policy set forth in Labor Code § 1102.5 when he opposed discrimination against other African-American employees.  Plaintiff is informed and believes and thereupon alleges that this activity was a motivating factor behind the retaliation which subsequently led to his termination.

**WHEREFORE**, Plaintiff prays for relief as hereinafter set forth.

1.    Compensatory and special damages, including but not limited to, lost wages and benefits, and damages for mental and emotional distress, according to proof at trial;

2.    For back pay, reinstatement, and the monetary value of lost fringe benefits;

3.    For prejudgment interest at the legal rate upon the amount of Plaintiff's

monetary losses; and

4.      Punitive and exemplary damages in an amount appropriate to punish and make an example of Defendants, to be determined at the time of trial;

5.      Injunctive relief against Defendant PG&E, its agents and employees, enjoining them from denying, or aiding or inciting the denial of, the civil rights of any African American employees on the basis of race, and compelling Defendant to take affirmative steps to insure a safe and fair work environment for any African American employees; and

6.      Costs of suit incurred herein, including reasonable attorneys' fees;

7.      Such other and further relief as the Court deems just and proper.

Dated: October 29, 2007                    PRICE AND ASSOCIATES

PAMELA Y. PRICE, Attorneys for Plaintiff
ADOLPH L. VINCENT, JR.

1

## DEMAND FOR JURY TRIAL

2

3          Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby

4  demands a trial by jury on all issues triable to a jury in each and every cause of action of his

5  Complaint.

6  Dated: October 29, 2007                    PRICE AND ASSOCIATES

7

8

9                                            PAMELA Y. PRICE, Attorneys for Plaintiff
10                                           ADOLPH L. VINCENT, JR.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1164P200-PYP