1    MICHAEL W. FOSTER (State Bar No. 127691)
     MADELYN JORDAN-DAVIS (State Bar 181771)
2    FOSTER AND ASSOCIATES
     610 16TH STREET, SUITE 310
3    OAKLAND, CALIFORNIA 94612
     TELEPHONE: (510) 763-1900
4    FACSIMILE:  (510) 763-5952
     EMAIL:  mfoster@fosterlaborlaw.com;
5    mjd@fosterlaborlaw.com

6    STEPHEN L. SCHIRLE (State Bar No. 96085)
     MARK H. PENSKAR (State Bar No. 77725)
7    SHARI D. HOLLIS-ROSS (State Bar No. 188867)
     77 Beale Street
8    San Francisco, California 94105
     Telephone: (415) 972-5672
9    Facsimile:  (415) 973-0516

10   Attorneys for Defendants
     Pacific Gas and Electric Company and
11   Richard Fuhrman

12

13

14                  UNITED STATES DISTRICT COURT

15           IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

16

17

18   ADOLPH LOUIS VINCENT, JR,            Case No. C07-05531 SI

19           Plaintiff,                   Date Action Filed:  10/30/2007

20        v.
                                          **ANSWER TO COMPLAINT FOR**
21   PACIFIC GAS & ELECTRIC, CO. RICK     **EMPLOYMENT DISCRIMINATION**
     FUHRMAN, and DOES 1 through 15
22   inclusive

23           Defendants.

24

25        Defendants Pacific Gas and Electric Company ("PG&E") and Richard Fuhrman

26   (collectively "defendants") answer the Complaint for Employment Discrimination of plaintiff

27   Adolph Louis Vincent, Jr. ("plaintiff") as follows:

28   ///

FOSTER & ASSOCIATES
ATTORNEYS AT LAW
610 – 16TH STREET · SUITE 310 · OAKLAND, CALIFORNIA 94612
TEL: (510) 763-1900 • FAX: (510) 763-5952

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURISDICTION AND VENUE

1.    Defendants admit that the court has jurisdiction over the claims presented by plaintiff in this action.  Defendants admit that plaintiff worked in Fresno, California as a PG&E employee.  Defendants admit that its principal place of business is San Francisco, California.  Except as expressly admitted, defendants deny the remaining allegations contained in Paragraph 1.

2.    Defendants admit that the state law claims made in plaintiff's complaint are part of the same case and controversy as the federally plead claims.  Except as expressly admitted, defendants deny the remaining allegations contained in Paragraph 2.

## PARTIES

3.    Defendants admit the allegations made in Paragraph 3 of plaintiff's complaint.

4.    Defendants admit that PG&E is a public utility responsible for delivering gas and electricity to the general public and businesses within the State of California.

5.    Defendants admit the allegations made in Paragraph 5 of plaintiff's complaint.

6.    Defendants admit that PG&E employed Rick Fuhrman during the period in which plaintiff's claims arise.  Except as expressly admitted, defendants deny the remaining allegations contained in Paragraph 6.

## FACTUAL ALLEGATIONS

7.    Defendants admit plaintiff began his career with PG&E on or around April 4, 1970.  Defendants admit that plaintiff was terminated from his employment on February 10, 2006.  Except as expressly admitted, defendants deny the remaining allegations contained in Paragraph 7.

8.    Defendants admit the allegations made in Paragraph 8 of plaintiff's complaint.

9.    Defendants admit the allegations made in Paragraph 9 of plaintiff's complaint.

10.    Defendants deny each and every allegation made in Paragraph 10 of plaintiff's complaint.

**ANSWER TO COMPLAINT FOR EMPLOYMENT DISCRIMINATION**

11.     Defendants lack sufficient information on which to form a belief as to plaintiff's claims concerning an unidentified African-American employee. Accordingly, defendants lack sufficient information concerning the truth of the matters asserted in Paragraph 11 and, on that basis, defendants deny the allegations contained in said paragraph.

12.     Defendants deny each and every allegation made in Paragraph 12 of plaintiff's complaint.

13.     Defendants admit that plaintiff was terminated approximately two weeks after his 59th birthday. Except as expressly admitted, defendants deny the remaining allegations contained in Paragraph 13.

14.     Defendants admit that plaintiff filed a charge for discrimination on May 22, 2006 with the California Department of Fair Housing and Employment against PG&E. Defendants admit that plaintiff also filed a charge with the Equal Employment Opportunity Commission. Except as expressly admitted, defendants deny the remaining allegations contained in Paragraph 14.

15.     Defendants deny each and every allegation in Paragraph 15 of plaintiff's complaint.

16.     Defendants deny each and every allegation in Paragraph 16 of plaintiff's complaint.

17.     Defendants deny each and every allegation in Paragraph 17 of plaintiff's complaint.

**FIRST CAUSE OF ACTION**

**VIOLATION OF 42 U.S.C. §1981**

**RACE DISCRIMINATION**

**(AGAINST ALL DEFENDANTS)**

18.     Defendants hereby incorporate by reference its answer to paragraphs 1-17 above, as if responses were fully set forth herein.

19.    Defendants deny each and every allegation in Paragraph 19 of plaintiff's complaint.

20.    Defendants deny each and every allegation in Paragraph 20 of plaintiff's complaint.

## SECOND CAUSE OF ACTION

## VIOLATION OF FEHA

## RACE DISCRIMINATION

## (AGAINST ALL DEFENDANTS)

21.    Defendants hereby incorporate by reference its answer to Paragraphs 1-20 above, as if responses were fully set forth herein.

22.    Defendants deny each and every allegation in Paragraph 22 of plaintiff's complaint.

## THIRD CAUSE OF ACTION

## VIOLATION OF FEHA

## RETALIATION

## (AGAINST ALL DEFENDANTS)

23.    Defendants hereby incorporate by reference its answer to Paragraphs 1-20 above, as if responses were fully set forth herein.

24.    Defendants deny each and every allegation in Paragraph 24 of plaintiff's complaint.

///

///

///

///

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FOURTH CAUSE OF ACTION

## VIOLATION OF FEHA

## FAMILY MEDICAL LEAVE

25.     Defendants hereby incorporate by reference its answer to Paragraphs 1-24 above, as if responses were fully set forth herein.

26.     Defendants lack sufficient information on which to form a belief as to the truth of the matters asserted in Paragraph 26 and, on that basis, defendants deny the allegations contained in said paragraph.

27.     Defendants admit that Hurricane Katrina occurred in August 2005.  Except as expressly admitted, Defendants lack sufficient information on which to form a belief as to the truth of the matters asserted in Paragraph 27 and, on that basis, defendants deny the allegations contained in said paragraph.

28.     Defendants admit that plaintiff was granted a vacation from October 14, 2005 to November 4, 2005.  Except as expressly admitted, Defendants lack sufficient information on which to form a belief as to the truth of the matters asserted in Paragraph 28 and, on that basis, defendants deny the allegations contained in said paragraph.

29.     Defendants lack sufficient information on which to form a belief as to the truth of the matters asserted in Paragraph 29 and, on that basis, defendants deny the allegations contained in said paragraph.

30.     Defendants lack sufficient information on which to form a belief as to the truth of plaintiff's claim that his mother became hospitalized indefinitely.  Defendants admit that plaintiff contacted defendant Fuhrman in November 2005 and requested an extension of his vacation. Defendants admit that plaintiff was not allowed to extend his vacation.  Except as expressly admitted, defendants deny the remaining allegations contained in Paragraph 30.

31.     Defendants lack sufficient information on which to form a belief as to the truth of the matters asserted in Paragraph 31 and, on that basis, defendants deny the allegations contained in said paragraph.

**ANSWER TO COMPLAINT FOR EMPLOYMENT DISCRIMINATION**

32.    Defendants deny each and every allegation in Paragraph 32 of plaintiff's complaint.

33.    Defendants deny each and every allegation in Paragraph 33 of plaintiff's complaint.

### FIFTH CAUSE OF ACTION

### VIOLATION OF FEHA

### AGE DISCRIMINATION

34.    Defendants hereby incorporate by reference its answer to Paragraphs 1-33 above, as if responses were fully set forth herein.

35.    Defendants deny each and every allegation in Paragraph 35 of plaintiff's complaint.

### SIXTH CAUSE OF ACTION

### VIOLATION OF FEHA

### FAILURE TO PREVENT DISCRIMINATION

36.    Defendants hereby incorporate by reference its answer to Paragraphs 1-35 above, as if responses were fully set forth herein.

37.    Defendants deny that Paragraph 37 is an accurate statement of California law.

38.    Defendants deny each and every allegation in Paragraph 38 of plaintiff's complaint.

///
///
///
///
///
///
///

**ANSWER TO COMPLAINT FOR EMPLOYMENT DISCRIMINATION**

1

2

3

4

5

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF TITLE VII**

**RACE DISCRIMINATION**

**(AGAINST DEFENDANT PG&E)**

6      39.    Defendant PG&E hereby incorporates by reference its answer to Paragraphs 1-38

7   above, as if responses were fully set forth herein.

8      40.    Defendant admits that plaintiff purports to bring an action pursuant to Title VII.

9   Except as expressly admitted, defendants deny the remaining allegations contained in Paragraph

10  40.

11     41.    Defendant admits the allegation made in Paragraph 41 of plaintiff's complaint.

12     42.    Defendants deny each and every allegation in Paragraph 42 of plaintiff's

13  complaint.

14

15

16

17

**EIGHTH CAUSE OF ACTION**

**VIOLATION OF TITLE VII**

**RETALIATION**

**(AGAINST DEFENDANT PG&E)**

18

19     43.    Defendant PG&E hereby incorporates by reference its answer to Paragraphs 1-42

20  above, as if responses were fully set forth herein.

21     44.    Defendant PG&E lacks sufficient knowledge or information to admit or deny what

22  plaintiff believed throughout his employment.  Defendant denies that it actions violated Title VII.

23  Defendant further denies the remaining allegations in Paragraph 44 of the complaint.

24     45.    Defendant PG&E denies each and every allegation in Paragraph 45 of plaintiff's

25  complaint.

26     46.    Defendant PG&E denies each and every allegation in Paragraph 46 of plaintiff's

27  complaint.

28  ///

**ANSWER TO COMPLAINT FOR EMPLOYMENT DISCRIMINATION**

## NINTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN

## VIOLATION OF PUBLIC POLICY
### (AGAINST DEFENDANT PG&E)

47.     Defendant PG&E hereby incorporates by reference its answer to Paragraphs 1-46 above, as if responses were fully set forth herein.

48.     Defendant PG&E admits the allegations stated in Paragraph 48 of the complaint.

49.     Defendant PG&E admits that there is an anti discrimination public policy in the state of California and in the United States.  Except as expressly admitted, defendants deny the remaining allegations contained in Paragraph 49.

50.     Defendant PG&E admits each of the allegations stated in Paragraph 50 of the complaint.

51.     Defendant PG&E denies each and every allegation made in Paragraph 51 of plaintiff's complaint.

## PRAYER FOR RELIEF

Defendants deny that plaintiff is entitled to any of the relief prayed for, or any relief at all, in this action.

## AFFIRMATIVE DEFENSES

Without waiving any foregoing answers and defenses, defendants assert, as and for their affirmative defenses to plaintiff's Complaint for Employment Discrimination the following:

## FIRST AFFIRMATIVE DEFENSE

1.     As and for a first affirmative defense, defendants allege that plaintiff's complaint fails to state a claim upon which relief can be granted.

///

///

///

8

**ANSWER TO COMPLAINT FOR EMPLOYMENT DISCRIMINATION**

**SECOND AFFIRMATIVE DEFENSE**

2.    As and for a second affirmative defense, defendants allege that plaintiff has failed to exhaust his administrative remedies and, thus, plaintiff is barred from pursuing his claims as a matter of law.

**THIRD AFFIRMATIVE DEFENSE**

3.    As and for a third affirmative defense, defendants allege that plaintiff's claims are barred in whole or in part by the exclusivity provisions of California's Workers' Compensation Act.  (Cal. Lab. Code §§ 3602(a), 5300.)

**FOURTH AFFIRMATIVE DEFENSE**

4.    As and for a fourth affirmative defense, defendants allege that their actions were at all times privileged and/or justified.

**FIFTH AFFIRMATIVE DEFENSE**

5.    As and for a fifth affirmative defense, defendants allege that plaintiff's claims are preempted by applicable state and federal law.

**SIXTH AFFIRMATIVE DEFENSE**

6.    As and for a sixth affirmative defense, defendants are informed and believe and on that basis allege, that plaintiff has failed and continues to fail to act reasonably to mitigate his alleged damages, so that plaintiff's claims are thereby barred in whole or in part.

///

///

///

**ANSWER TO COMPLAINT FOR EMPLOYMENT DISCRIMINATION**

1

**SEVENTH AFFIRMATIVE DEFENSE**

2

3        7.        As and for a seventh affirmative defense, defendants allege that plaintiff's claims

4   are barred in whole or in part by the doctrines of waiver, estoppel and acquiescence.

5

**EIGHTH AFFIRMATIVE DEFENSE**

6

7        8.        As and for an eighth affirmative defense, defendants allege that damage suffered

8   by plaintiff, if any, was directly or proximately caused by acts, omissions, carelessness or

9   negligence of plaintiff or his agents.  Plaintiff's recovery, if any, should be diminished to the

10  extent that said alleged damages are attributable to said acts, omissions, carelessness or

11  negligence.

12

13

**NINTH AFFIRMATIVE DEFENSE**

14       9.        As and for a ninth affirmative defense, defendants allege that plaintiff's claims are

15  barred by any and all applicable statutes of limitation (including without limitation, Cal. Code

16  Civ. Proc. §§ 335.1, 337, 339 and 340(a) and Cal. Govt. Code § 12965).

17

18

**TENTH AFFIRMATIVE DEFENSE**

19       10.       As and for a tenth affirmative defense, defendants allege that plaintiff has failed to

20  state a claim for punitive damages as a matter of law.

21

22

**ELEVENTH AFFIRMATIVE DEFENSE**

23       11.       As and for an eleventh affirmative defense, defendants allege that plaintiff has

24  failed to state a claim for attorneys' fees as a matter of law.

25

26  ///

27  ///

28  ///

**ANSWER TO COMPLAINT FOR EMPLOYMENT DISCRIMINATION**

**TWELFTH AFFIRMATIVE DEFENSE**

12.     As and for a twelfth affirmative defense, defendants allege that plaintiff's claims for loss of job benefits are preempted by the Employee Retirement Income Security Act of 1974 (29 U.S.C. §1001 et. seq.).

**THIRTEENTH AFFIRMATIVE DEFENSE**

13.     As and for a thirteenth affirmative defense, defendants allege that plaintiff's claims are barred in whole or in part by the doctrine of laches.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14.     As and for a fourteenth affirmative defense, defendants allege that plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15.     As and for a fifteenth affirmative defense, defendants allege that plaintiff's claims are barred in whole or in part because PG&E terminated plaintiff for legitimate, non-discriminatory reasons.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16.     As and for a sixteenth affirmative defense, defendants allege that plaintiff's claims are barred in whole or in part because PG&E terminated plaintiff for legitimate, non-retaliatory reasons.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17.     As and for a seventeenth affirmative defense, defendants allege that plaintiff's claims are barred in whole or in part because they acted reasonably and in good faith.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18.    As and for an eighteenth affirmative defense, defendants allege that plaintiff's claims are barred in whole or in part because plaintiff consented to defendants' actions.

**NINETEENTH AFFIRMATIVE DEFENSE**

19.    As and for a nineteenth affirmative defense, defendants allege that plaintiff's claims for damages are barred in whole or part by the doctrine of avoidable consequences in that through reasonable care plaintiff could have yet failed to avoid the injuries alleged in the complaint.

**TWENTIETH AFFIRMATIVE DEFENSE**

20.    As and for a twentieth affirmative defense, Defendants are informed and believe, and on that basis alleges, that plaintiff has failed and continues to fail to act reasonably to mitigate his alleged damages, so that plaintiff's claims are thereby barred in whole or in part.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21.    As and for a twenty-first affirmative defense, Defendants allege that plaintiff's claims are barred and/or recovery of damages is barred or diminished by after-acquired evidence.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22.    As and for a twenty-second affirmative defense, Defendant's contend that the Complaint, and each alleged cause of action contained therein, is barred by the fact that Plaintiff's employment was terminable at the will of either party, with or without cause, so that Plaintiff has no claim or cause of action based upon his employment.  California Labor Code §2922.

///

///

///

**ANSWER TO COMPLAINT FOR EMPLOYMENT DISCRIMINATION**

1

2

### TWENTY- THIRD AFFIRMATIVE DEFENSE

3        23.      As and for a twenty-third affirmative defense, Defendants allege that plaintiff's

4    claims are barred in their entirety as plaintiff's employer exercised reasonable care to prevent and

5    correct any discrimination in the workplace and plaintiff unreasonably failed to take advantage of

6    any preventative or corrective opportunities provided by his employer.

7

### TWENTY- FOURTH AFFIRMATIVE DEFENSE

8

9

10        24.      As and for a twenty-fourth affirmative defense, defendants presently have

insufficient knowledge or information on which to form a belief as to whether it may have

11

additional, as yet unstated, available defenses.  Defendants reserve herein the right to assert

12

additional affirmative defenses in the event that discovery indicates that they would be

13

appropriate.

14

15

16        WHEREFORE, defendant prays that plaintiff take nothing from his complaint, that

defendants have recovery of their fees and costs of suit herein incurred, and for such other and

17

further relief as may be just and proper.

18

19

20                                      /s/ Madelyn Jordan-Davis

Dated: March 17, 2008

21                                      _____
                                        MICHAEL W. FOSTER
22                                      MADELYN JORDAN-DAVIS
                                        FOSTER & ASSOCIATES
23                                      Attorneys for Defendants
                                        Pacific Gas and Electric Company &
24                                      Richard Fuhrman

25

26

27

28

---
13