1  MICHAEL W. FOSTER (State Bar No. 127691)
   MADELYN JORDAN-DAVIS (State Bar 181771)
2  FOSTER AND ASSOCIATES
   610 16TH STREET, SUITE 310
3  OAKLAND, CALIFORNIA 94612
   TELEPHONE: (510) 763-1900
4  FACSIMILE: (510) 763-5952
   EMAIL: mfoster@fosterlaborlaw.com;
5  mjd@fosterlaborlaw.com

6  STEPHEN L. SCHIRLE (State Bar No. 96085)
   MARK H. PENSKAR (State Bar No. 77725)
7  SHARI D. HOLLIS-ROSS (State Bar No. 188867)
   77 Beale Street
8  San Francisco, California 94105
   Telephone: (415) 972-5672
9  Facsimile: (415) 973-0516

10 Attorneys for Defendants
   Pacific Gas and Electric Company and
11 Richard Fuhrman

12 PAMELA Y. PRICE (State Bar No. 107713)
   PRICE AND ASSOCIATES
13 1611 TELEGRAPH AVENUE, SUITE 1450
   OAKLAND, CALIFORNIA 94612
14 TELEPHONE: (510) 452-0292
   FACSIMILE: (510) 452-5625
15 EMAIL: pypesq@aol.com

16 Attorneys for Plaintiff
   Adolph L. Vincent, JR.
17

18
                    UNITED STATES DISTRICT COURT
19
           IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA
20

21 ADOLPH LOUIS VINCENT, JR,            ) Case No. C07-05531 SI
                                        )
22           Plaintiff,                 )
                                        ) Date Action Filed:
23      v.                              )
                                        ) **JOINT CASE MANAGEMENT**
24 PACIFIC GAS AND ELECTRIC             ) **STATEMENT**
   COMPANY, RICK FUHRMAN, and           )
25 DOES 1 through 15 inclusive          )
                                        ) **Date: May 14, 2008**
26           Defendants.                ) **Time: 2:00 p.m.**
                                        ) **Judge: Honorable Susan Illston**
27

28

---

1
**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

1. **Jurisdiction and Service:**

The court appears to have jurisdiction over plaintiff's federal claims pursuant to 42 U.S.C. §§1331 and 1343. Further, the court appears to have supplemental jurisdiction over plaintiff's state claims pursuant to the provisions of 28 U.S.C. §1367.

2. **Facts**

   a) **Brief Statement of Facts**:

This case arises from the former employment of plaintiff Adolph L. Vincent, Jr. Mr. Vincent began working for Defendant Pacific Gas and Electric Company ("PG&E") in February 1970. Mr. Vincent was employed as a Gas Service Supervisor when he was terminated in February 2006. Plaintiff Vincent alleges that his supervisor, Defendant Richard Fuhrman, discriminated against him during his employment. Plaintiff asserts nine federal and state claims for race discrimination, retaliation, violation of FEHA—family medical leave, age discrimination, failure to prevent discrimination, and wrongful termination. Defendants deny each of plaintiff's claims and maintain that plaintiff was terminated for legitimate non-discriminatory business reasons.

   b) **Principal factual issues in dispute:**

   1. Whether Defendant Fuhrman chastised plaintiff for attempting to accommodate an employee with a disability;
   2. Whether plaintiff requested an accommodation for an employee with a disability;
   3. Whether PG&E denied plaintiff's request for accommodation for a disabled employee;
   4. Whether plaintiff's vacations were cut short;
   5. Whether plaintiff was instructed not to communicate with his son who was also employed by PG&E;
   6. Whether Defendant Furhman scrutinized African-American employees closer than other employees;
   7. Whether Defendant Fuhrman instructed plaintiff to deny an unidentified employee's Family Medical Leave;

8. Whether plaintiff was denied opportunities for upgrades, special assignments and mentoring;

9. Whether plaintiff violated company policies;

10. Whether Defendant Furhman acted with malice or oppression or conscious disregard for Mr. Vincent's rights;

11. Whether Mr. Vincent was treated differently than non-African-American Supervisors;

12. Whether Mr. Vincent was treated differently because of his race;

13. Whether Mr. Vincent was treated differently because of his age;

14. Whether Defendant Furhman was aware of Mr. Vincent's need for additional leave to take care of his critically ill mother;

15. Whether Mr. Vincent drove thirty-six (36) hours straight across the country from Louisiana to California because Defendant Furhman denied Mr. Vincent's request for additional leave.

3. **Disputed Legal Issues**

    a.      Whether race was a substantial factor in the decision to terminate plaintiff;

    b.      Whether race was a motivating reason for plaintiff's termination;

    c.      Whether PG&E had a legitimate non-discriminatory business reason for its employment actions;

    d.      Whether plaintiff was competently performing the position he held;

    e.      Whether there is any evidence of discriminatory motive;

    f.      Whether plaintiff's termination was pretext for race discrimination;

    g.      Whether plaintiff engaged in any protected activity;

    h.      Whether plaintiff suffered an adverse employment action that impacted the terms, conditions or privileges of employment;

    i.      Whether PG&E had a legitimate non-retaliatory reason for its conduct;

    j.      Whether plaintiff gave notice of the need for CFRA leave;

    k.      Whether PG&E failed to take reasonable steps to prevent discrimination;

1    l. Whether any opposition to employment discrimination was a motivating factor for plaintiff's termination;

   m. Whether plaintiff exhausted his administrative remedies;

   n. Whether Defendants are liable for punitive damages;

   o. Whether Mr. Vincent's race was a motivating factor for Defendant Furhman's treatment of Mr. Vincent;

   p. Whether Mr. Vincent's age was a motivating factor for Defendant Furhman's treatment of Mr. Vincent.

4. **Anticipated Motions:**

 Each party anticipates filing respective motions for summary judgment, or in the alternative, motions for partial summary judgment.

5. **Amendment to Pleadings:**

 Plaintiff is considering a possible amendment to the pleadings. Specifically, plaintiff is considering whether Defendant Fuhrman can be held personally liable for any of allegations asserted against him in the original complaint. Defendants hereby reserve their right to amend the answer to the complaint upon discovery of additional information.

6. **Evidence Preservation**:

 The parties have taken steps to identify any evidence reasonably related to this case and to preserve said evidence to the extent that it exists. Individuals who continue to work for PG& E have been contacted and informed to search for and maintain any documents in their possession custody and control related to plaintiff and his claims.

7. **Initial Disclosures**:

 Initial Disclosures have not been made. The parties have mutually agreed to exchange initial disclosures on or before May 30, 2008.

8. **Discovery**:

 The parties' propose that plaintiff's deposition be taken followed by the deposition of Defendant Fuhrman *after* (1) initial disclosures are exchanged, and (2) the parties have had the

opportunity to serve an initial round of written discovery.  The parties agree that they will proceed to an agreed-upon form of alternative dispute resolution prior to conducting any remaining discovery.  Discovery subjects are likely to include discovery into each of the factual issues identified in response to section 2 (b) and the legal issues identified in response to section (3) above.

9. **Class Actions**:

    This is not a class action lawsuit.

10. **Related Cases**:

    None.

11. **Relief**:

    Defendants deny any and all liability in this action.

12. **Settlement and ADR**:

    The parties are planning to engage in early informal settlement discussions.  Thereafter, the parties are interested in participating in mediation.

13. **Consent to Magistrate**:

    Plaintiff has previously objected to having a magistrate conduct any proceedings in this action.

14. **Other References**:

    None at this time.

15. **Narrowing of Issues:**

    Defendants request that the punitive damages issue be bifurcated at the time of trial.

16. **Expedited Schedule**:

    Defendants do not believe that this case lends itself to an expedited procedure.

17. **Scheduling**:

18. **Trial**:

    Date of trial:  Week of June 15, 2009;

    Estimated length of trial: 21 court days

    Discovery cut-off:    January 30, 2009

1 | Expert Disclosure:            February 27, 2009

2 | Expert Discovery cut-off:     March 31, 2009

3 | Non-Expert Witness Disclosure: February 27, 2009

4 | Pre trial conference:   June 2, 2009

5 | Last date for Hearing Dispositive Motions:  April 17, 2009

6 | 19.  **Disclosure of Non-Party Interested Entities:**

7 | Defendant is unaware of any non-party Interested Entities or Persons

Dated:  May 7, 2008

                    /s/
MICHAEL W. FOSTER
MADELYN JORDAN-DAVIS
Foster And Associates
Attorneys for Defendants
Pacific Gas and Electric Company
And Richard Fuhrman

Dated:  May 7, 2008

                    /s/
PAMELA Y. PRICE
PRICE AND ASSOCIATES
Attorneys for Plaintiff
Adolph L. Vincent, Jr.