MICHAEL W. FOSTER (State Bar No. 127691)
MADELYN JORDAN-DAVIS (State Bar No. 181771)
FOSTER AND ASSOCIATES
3000 LAKESHORE AVENUE
OAKLAND, CALIFORNIA 94610
TELEPHONE: (510) 763-1900
FACSIMILE: (510) 763-5952
EMAIL: mfoster@fosterlaborlaw.com;
mjd@fosterlaborlaw.com

STEPHEN L. SCHIRLE (State Bar No. 96085)
MARK H. PENSKAR (State Bar No. 77725)
SHARI D. HOLLIS-ROSS (State Bar No. 188867)
77 Beale Street
San Francisco, California 94105
Telephone: (415) 972-5672
Facsimile: (415) 973-0516

Attorneys for Defendants
Pacific Gas and Electric Company and
Richard Fuhrman

PAMELA Y. PRICE (State Bar No. 107713)
DEVON F. KING (State Bar No. 251292)
PRICE AND ASSOCIATES
1611 TELEGRAPH AVENUE, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 452-0292
FACSIMILE: (510) 452-5625
EMAIL: pypesq@aol.com

Attorneys for Plaintiff
Adolph L. Vincent, Jr.

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOLPH LOUIS VINCENT, JR, <br><br> Plaintiff, <br><br> v. <br><br> PACIFIC GAS AND ELECTRIC COMPANY, RICK FUHRMAN, and DOES 1 through 15 inclusive <br><br> Defendants. | Case No. C07-705531 SI <br><br> Date Action Filed: October 30, 2007 <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> **Date: August 22, 2008** <br> **Time: 2:30 p.m.** <br> **Judge: Honorable Susan Illston** |

1

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

1. **Jurisdiction and Service:**

The court appears to have jurisdiction over plaintiff's federal claims pursuant to 42 U.S.C. §§1331 and 1343. Further, the court appears to have supplemental jurisdiction over plaintiff's state claims pursuant to the provisions of 28 U.S.C. §1367.

2. **Facts**

   a) **Brief Statement of Facts:**

This case arises from the former employment of plaintiff Adolph L. Vincent, Jr. Mr. Vincent began working for Defendant Pacific Gas and Electric Company ("PG&E") in February 1970. Mr. Vincent was employed as a Gas Service Supervisor when he was terminated in February 2006. Plaintiff Vincent alleges that his supervisor, Defendant Richard Fuhrman, discriminated against him during his employment. Plaintiff asserts nine federal and state claims for race discrimination, retaliation, violation of FEHA—family medical leave, age discrimination, failure to prevent discrimination, and wrongful termination. Defendants deny each of plaintiff's claims and maintain that plaintiff was terminated for legitimate non-discriminatory business reasons.

   b) **Principal factual issues in dispute:**

   1. Whether Defendant Fuhrman chastised plaintiff for attempting to accommodate an employee with a disability;

   2. Whether plaintiff requested an accommodation for an employee with a disability;

   3. Whether PG&E denied plaintiff's request for accommodation for a disabled employee;

   4. Whether plaintiff's request for Family Medical Leave was denied;

   5. Whether plaintiff was instructed not to communicate with his son who was also employed by PG&E;

   6. Whether Defendant Furhman scrutinized African-American employees closer than other employees;

   7. Whether Defendant Fuhrman instructed plaintiff to deny an African-American coworker's Family Medical Leave;

8. Whether plaintiff was denied opportunities for upgrades, special assignments and mentoring;

9. Whether plaintiff violated company policies;

10. Whether Defendant Furhman acted with malice or oppression or conscious disregard for Mr. Vincent's rights;

11. Whether Mr. Vincent was treated differently than non-African-American Supervisors;

12. Whether Mr. Vincent was treated differently because of his race;

13. Whether Mr. Vincent was treated differently because of his age;

14. Whether Defendant Furhman was aware of Mr. Vincent's need for additional leave to take care of his critically ill mother;

15. Whether Mr. Vincent drove thirty-six (36) hours straight across the country from Louisiana to California because Defendant Furhman denied Mr. Vincent's request for Family Medical Leave.

3.   **Disputed Legal Issues**

a. Whether race was a substantial factor in the decision to terminate plaintiff;

b. Whether race was a motivating reason for plaintiff's termination;

c. Whether PG&E had a legitimate non-discriminatory business reason for its employment actions;

d. Whether plaintiff was competently performing the position he held;

e. Whether there is any evidence of discriminatory motive;

f. Whether plaintiff's termination was pretext for race discrimination;

g. Whether plaintiff engaged in any protected activity;

h. Whether plaintiff suffered an adverse employment action that impacted the terms, conditions or privileges of employment;

i. Whether PG&E had a legitimate non-retaliatory reason for its conduct;

j. Whether plaintiff gave notice of the need for FMLA and/or CFRA leave;

1       k.      Whether PG&E failed to take reasonable steps to prevent discrimination;

2       l.      Whether any opposition to employment discrimination was a motivating factor for plaintiff's termination;

        m.      Whether plaintiff exhausted his administrative remedies;

        n.      Whether Defendants are liable for punitive damages;

        o.      Whether Mr. Vincent's race was a motivating factor for Defendant Furhman's treatment of Mr. Vincent;

        p.      Whether Mr. Vincent's age was a motivating factor for Defendant Furhman's treatment of Mr. Vincent.

4.  **Anticipated Motions:**

Each party anticipates filing respective motions for summary judgment, or in the alternative, motions for partial summary judgment.

5.  **Amendment to Pleadings:**

Plaintiff is considering a possible amendment to the pleadings. Specifically, plaintiff is considering whether Defendant Fuhrman can be held personally liable for any of allegations asserted against him in the original complaint. Defendants hereby reserve their right to amend the answer to the complaint upon discovery of additional information.

6.  **Evidence Preservation**:

The parties have taken steps to identify any evidence reasonably related to this case and to preserve said evidence to the extent that it exists. Individuals who continue to work for PG&E have been contacted and informed to search for and maintain any documents in their possession, custody and control related to plaintiff and his claims.

7.  **Initial Disclosures**:

Initial and Supplemental Disclosures of persons and documents have been made.

8.  **Discovery**:

Plaintiff's deposition will be taken on Thursday, August 21, 2008, followed by the deposition of at least one defense witness at a date to be determined, but before the scheduled mediation on September 30, 2008. The parties anticipate that they will conduct any remaining

discovery after the mediation. Discovery subjects are likely to include discovery into each of the factual issues identified in response to section 2 (b) and the legal issues identified in response to section (3) above. Based on the delay in commencing discovery, plaintiff anticipates that there will be a need to enlarge the discovery cut-off date.

9. **Class Actions**:

This is not a class action lawsuit.

10. **Related Cases**:

None.

11. **Relief**:

Plaintiff seeks compensatory damages, punitive damages, and attorney's fees, in an amount to be determined at trial.

Defendants deny any and all liability in this action.

12. **Settlement and ADR**:

The parties are scheduled to engage in mediation on September 30, 2008, with Mediator Debra Mellinkoff. Due to scheduling difficulties and plaintiff's dismissal of the original court-appointed mediator, the mediation deadline has been extended by mutual agreement. The parties intend to seek court approval of this agreement as soon as possible.

13. **Consent to Magistrate**:

Plaintiff objects to having a magistrate conduct any proceedings in this action.

14. **Other References**:

None at this time.

15. **Narrowing of Issues:**

Defendants request that the punitive damages issue be bifurcated at the time of trial.

16. **Expedited Schedule**:

Both parties do not believe that this case lends itself to an expedited procedure.

17. **Scheduling**:

Date of trial:    Week of June 15, 2009

Discovery cut-off:    January 30, 2009

Expert Disclosure:    February 27, 2009

Expert Discovery cut-off:    March 31, 2009

Non-Expert Witness Disclosure:    February 27, 2009

Pretrial conference:    June 2, 2009

Last date for Hearing Dispositive Motions:    April 17, 2009

18. **Trial**:

This case will be tried in front of a jury. The estimated length of trial is 21 court days.

19. **Disclosure of Non-Party Interested Entities:**

Both parties are unaware of any non-party Interested Entities or Persons.

Dated: August 15, 2008

                                            /s/
MICHAEL W. FOSTER
MADELYN JORDAN-DAVIS
FOSTER AND ASSOCIATES
Attorneys for Defendants
Pacific Gas and Electric Company
And Richard Fuhrman

Dated: August 15, 2008

                                            /s/
PAMELA Y. PRICE
DEVON F. KING
PRICE AND ASSOCIATES
Attorneys for Plaintiff
Adolph L. Vincent, Jr.