IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOLPH L. VINCENT, JR., | No. C 07-5531 SI |
| Plaintiff, | **ORDER RE: PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS** |
| v. | |
| PACIFIC GAS & ELECTRIC, CO., *et al.*, | |
| Defendants. / | |

Plaintiff moves to compel the production of three categories of documents in this employment discrimination case.[1] First, plaintiff seeks "any and all documents which reflect, relate or refer to the employment of Rick Furhman, including but not limited to his personnel file." Defendants object that this request is overly broad and seeks private, irrelevant information such as salary and benefit information and performance evaluations. The Court finds that defendants must produce defendant Furhman's personnel file, subject to a protective order that shall protect defendant's privacy interests. *See Garrett v. City and County of San Francisco*, 818 F.2d 1515, 1519 n.6 (9th Cir. 1987) ("This court has held that personnel files are discoverable in federal question cases, including Title VII actions, despite claims of privilege.").

Second, plaintiff seeks "any and all documents which reflect, relate or refer to the employment" of seven individuals: Anthony Crozier, Shannon Mathis, Michael Graham, Al Maloney, Gary Thrower, Michael Johnson and Jack Reno. Plaintiffs asserts that discovery regarding these individuals is warranted because they are similarly-situated individuals who received benefits from Fuhrman

---

[1] The parties' letter briefs are found at Docket Nos. 31 and 33.

when those same benefits were denied to plaintiff (Graham), violated the same or similar company standards plaintiff was accused of violating, but received lesser or no discipline (Mathis, Maloney, Thrower), possess information regarding the disciplinary infraction that led to plaintiff's termination (Reno), or are African-Americans like plaintiff who have also been discriminated against by defendants on the basis of race (Crozier and Johnson). Defendants argue that this discovery is irrelevant because, for example, the individuals are not similarly-situated to plaintiff.

The Court finds that plaintiff is entitled to the personnel files of the seven individuals.[2] *See id.* Defendants may be correct that these individuals are not similarly-situated to plaintiff; however, that is a determination to be made after development of the facts. Accordingly, defendant shall produce the personnel files subject to the protective order mentioned above.

Finally, plaintiffs seeks company-wide employee termination records. Specifically, plaintiff seeks "any and all documents which reflect, relate or refer to the termination of any employees for violation of the Utility Employee Conduct Summary, Standard Practice 735.6-1, Employee Conduct from January 2000 to the present" as well as "any and all documents which reflect, relate or refer to the termination of any employees for violation of the Corporate Policy Handbook, Standards for Personal Conduct and Business Decisions from January 2000 to the present." Plaintiff contends that this discovery is essential to proving his claim that he was discriminatorily and arbitrarily terminated for allegedly violating PG&E's policies and procedures. Defendants assert that plaintiff's requests are overly broad and should be narrowed to only those employees who were terminated by the individuals who made the decision to terminate plaintiff. Defendants also assert, without any elaboration, that these requests are burdensome because they "would require a massive endeavor to locate information related to thousands of employees." Defendants do not explain what would be involved to search for the responsive information.

The Court finds that plaintiff is entitled to the company-wide employee termination records because they are likely to lead to the discovery of admissible evidence regarding plaintiff's claim that

---

[2] Defendants state that although plaintiff claims that Gary Thrower was a former supervisor, the "company has been unsuccessful in locating any employee by that name in its employee database." Docket No. 33 at 3. The Court directs the parties to meet and confer on this issue to attempt to identify the correct individual.

the termination was discriminatory. However, the Court agrees that it is reasonable to limit the requests in order to reduce the burden on defendants. Plaintiff was terminated in 2006, and accordingly the Court directs defendants to produce responsive documents from January 1, 2003 to the present. The Court does not adopt defendants' proposed limitation on these requests out of a concern that such a limitation could prove unduly restrictive and/or lead to disputes among the parties regarding who should be considered a "decisionmaker" with regard to plaintiff's termination.

Accordingly, the parties shall immediately meet and confer regarding a proposed protective order, and shall submit a proposed protective order to the Court no later than **November 26, 2008**. Defendants shall produce the discovery required by this order no later than **December 1, 2008**.

**IT IS SO ORDERED.**

Dated: November 17, 2008

SUSAN ILLSTON
United States District Judge

3