MICHAEL W. FOSTER (State Bar No. 127691)
MADELYN JORDAN-DAVIS (State Bar 181771)
FOSTER AND ASSOCIATES
3000 LAKESHORE AVENUE
OAKLAND, CALIFORNIA 94610
TELEPHONE: (510) 763-1900
FACSIMILE: (510) 763-5952
EMAIL: mfoster@fosterlaborlaw.com;
mjd@fosterlaborlaw.com

STEPHEN L. SCHIRLE (State Bar No. 96085)
SHARI D. HOLLIS-ROSS (State Bar No. 188867)
77 Beale Street
San Francisco, California 94105
Telephone: (415) 972-5672
Facsimile: (415) 973-0516

Attorneys for Defendants
Pacific Gas and Electric Company and
Richard Fuhrman

PAMELA Y. PRICE (State Bar No. 107713)
PRICE AND ASSOCIATES
1611 TELEGRAPH AVENUE, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 452-0292
FACSIMILE: (510) 452-5625
EMAIL: pypesq@aol.com

Attorneys for Plaintiff
Adolph L. Vincent, JR.

## UNITED STATES DISTRICT COURT

### IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOLPH LOUIS VINCENT, JR, | Case No. C07-705531 SI |
| Plaintiff, | Date Action Filed: October 30, 2007 |
| v. | |
| PACIFIC GAS AND ELECTRIC COMPANY, RICK FUHRMAN, and DOES 1 through 15 inclusive | CONFIDENTIALITY AGREEMENT AND [PROPOSED] STIPULATED PROTECTIVE ORDER |
| Defendants. | |

FOSTER & ASSOCIATES
ATTORNEYS AT LAW
3000 LAKESHORE AVENUE • OAKLAND, CALIFORNIA 94610
TEL. (510) 763-1900 • FAX: (510) 763-5952

IT IS HEREBY STIPULATED between Adolph Vincent, Jr. ("Plaintiff") and Pacific Gas and Electric Company and Rick Fuhrman ("Defendants") (collectively "the Parties") in the above-captioned matter ("the Litigation"), each Party being represented by and through their respective attorneys, the undersigned, as follows:

1.      This Confidentiality Agreement and Stipulated Protective Order (hereinafter "this Agreement and Order") shall govern CONFIDENTIAL MATERIALS produced by or on behalf of any Party and (notwithstanding any order terminating this Proceeding) shall be effective as to the Parties from the date executed by their attorneys

2.      This Agreement and Order governs any CONFIDENTIAL MATERIAL which a Party or a nonparty produces in the litigation and (notwithstanding any order terminating this Proceeding) shall remain in effect for a period of 60 days after an order concluding or otherwise terminating this Proceeding is no longer subject to judicial review and/or all appeal rights are exhausted; however, the confidentiality obligations of Reviewing Representatives as specified in Paragraph 10 of this Agreement will remain in full force and effect for 2 years after an order concluding or otherwise terminating this Proceeding is no longer subject to judicial review and/or all appeal rights are exhausted.

3.      For purposes of this Agreement:

a.      The term "Reviewing Representative" is a person described in paragraphs 8 and 10.

b.      (1) As used herein "CONFIDENTIAL INFORMATION" shall mean all commercially sensitive, confidential or proprietary written, recorded or oral information or data (including, without limitation, research, developmental, engineering, manufacturing, technical, marketing, sales, financial, operating, performance, cost, business and process information or data, know how, and computer programming and other software and software techniques) which is provided by Defendants  pursuant to this Agreement on a confidential basis and, in the case of written or recorded information, which is marked "Confidential" or "Proprietary" or "Protected" or "Highly Sensitive."

(2)     The term "CONFIDENTIAL MATERIALS" includes (a) material that contains CONFIDENTIAL INFORMATION as described above in paragraph 3 (b) (1) and is provided by Defendants to the Receiving Party and designated by Defendants as protected; (b) any copy or reproduction of such designated materials; (c) any information contained in or obtained from such designated materials; (d) any other materials which are made subject to this Agreement by any court or other body having appropriate authority, or by agreement of the parties hereto; and (e) notes of CONFIDENTIAL MATERIALS.

(3)     The term "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY MATERIALS" refers to CONFIDENTIAL MATERIALS which PG&E believes contain confidential trade secret, market-sensitive information such as business plans, strategic plans, and/or financial projections proprietary to the PG&E, which, if disclosed to competitors could, in such party's judgment, detrimentally affect the ability of the PG&E to compete. The parties to this Agreement expressly reserve all their legal rights to object to future production request(s) of HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY MATERIALS based upon the trade secret privilege or other basis.

(4)     The term "notes of CONFIDENTIAL MATERIALS" includes notes of HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY MATERIALS and means memoranda, handwritten notes, or any other form of information which copies or discloses materials described in the foregoing paragraph.

(5)     CONFIDENTIAL MATERIALS shall not include (a) any information or document contained in the files of the California Public Utilities Commission, or any other federal or state agency, or any federal or state court, unless said information or document was provided to the agency on a confidential basis and is not a public record, or is subject to a protective order of such agency or court; or (b) information that is public knowledge or which becomes public knowledge as a result of publication or disclosure by the Producing Party.

4.     In addition to paragraph 3(b)(2) above, a party may also designate CONFIDENTIAL MATERIALS those items provided through discovery and/or informally which customarily are treated by that Party as confidential, proprietary, which are not available to

the public, and which the producing party contends contains or comprises information that is or may be privileged, or which could, if disclosed, violate a personal privacy, proprietary, trade secret, copyright, financial or other interest protected by law.

5.    CONFIDENTIAL MATERIALS shall be made available under the terms of this Agreement only to the Receiving Party and the Receiving Representative (as provided in paragraphs 10.)

6.    Any Party may designate any document as "CONFIDENTIAL MATERIAL" if that Party or Party's counsel of record has a good faith opinion that the document is within the scope of this Agreement. Once a Party has made this designation, then the Parties shall use the document solely for the purposes of the Litigation, and not for any business, competitive, governmental, or other purpose or function, or for any other proceeding, action or claim, and shall not copy or disclose such document to anyone except as provided in this Agreement and Order, absent a specific order by this Court or further stipulation of the Parties. The Parties also agree not to violate trademark, copyright or other intellectual property protections as to any documents, including videotapes, designated as "CONFIDENTIAL" provided the Parties are specifically given notice, in writing that the confidential document is trademarked, copyrighted or otherwise protected under legislation.

7.    Each page of CONFIDENTIAL MATERIALS shall be marked "CONFIDENTIAL" by the producing party. Each page of HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY MATERIAL shall be marked additionally as "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY DOCUMENT." All CONFIDENTIAL MATERIAL shall be maintained by the receiving party in a secure manner. Access shall be limited to the Receiving Party and those reviewing representatives specifically authorized pursuant to paragraph 10.

8.    In the instance of deposition testimony, the deponent or counsel may invoke the provisions of this Protective Order for any Party or non-party by giving notice to counsel for the other Parties either in writing or on the record. Deposition transcripts, or portions thereof, may be designated as Confidential by notifying all parties and the court reporter by letter of the

4

1  page(s), line(s) and exhibit(s) to be designated "CONFIDENTIAL MATERIAL" within

2  fourteen (14) days after service of the transcript. The court reporter shall be asked to mark the

3  face of the transcript appropriately. If any portion of a videotaped deposition is designated

4  CONFIDENTIAL MATERIAL, the videocassette and its container shall be labeled as provided

5  above. Nothing in this paragraph shall prevent a party from making specific designations on

6  the record during the deposition, and the court reporter shall mark the face of the transcript

7  appropriately in that event.

8          9.     CONFIDENTIAL MATERIALS shall not be used except as necessary for the

9  conduct of this Proceeding; nor shall they be disclosed in any manner to any person except a

10  Reviewing Representative who is engaged in the conduct of these Proceedings and who needs

11  to know the information in order to carry out that person's responsibilities in these Proceedings.

12  Reviewing Representatives may make notes of CONFIDENTIAL MATERIALS which notes

13  must be maintained in a secure manner pursuant to paragraph 6. Each Party shall be entitled to

14  make only such copies of the CONFIDENTIAL INFORMATION as are reasonably necessary

15  for the accomplishment of its purposes for this Proceeding, provided that all such copies are

16  clearly marked as confidential, and that such copies shall be deemed CONFIDENTIAL

17  INFORMATION under this Agreement; all reports, summaries or other documents containing

18  information derived from CONFIDENTIAL INFORMATION shall also be deemed

19  CONFIDENTIAL INFORMATION under this Agreement.

20          Notwithstanding the other provisions of this Agreement, a Party may disclose

21  CONFIDENTIAL INFORMATION if that CONFIDENTIAL INFORMATION is required to

22  be disclosed by law or applicable legal process, including an order of court of competent

23  jurisdiction, provided that in the event that a Party becomes aware of any act which would

24  require the disclosure of CONFIDENTIAL INFORMATION, it shall so notify the other Party

25  in writing within **7 business days** of receipt of the request for disclosure.

26          10.    a.    A    Reviewing    Representative    is    an    individual    who    is:

27          (1)    An attorney who has made an appearance in this Proceeding for a Receiving

28  Party;

1   (2) An attorney, including in house counsel, paralegals, or other clerical staff

2 associated for purposes of this case with an attorney described in (1);

3   (3) An expert or an employee of an expert retained by Receiving Party for the

4 purpose of advising, preparing for, or testifying in this Proceeding;

5   b. Notwithstanding the foregoing, with respect to CONFIDENTIAL MATERIALS

6 considered HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY DOCUMENTS and/or

7 HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY MATERIALS by either party

8 hereto, both parties expressly reserve the right to object to future production requests of such

9 HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY MATERIALS and to their

10 dissemination to any Reviewing Representative.

11   11. Access to HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

12 MATERIALS is limited to Reviewing Representatives described in paragraph 10a (1), (2), (3).

13 The same limitation applies to notes of HIGHLY CONFIDENTIAL ATTORNEYS' EYES

14 ONLY MATERIALS as defined in paragraph 3(b)(4). The parties agree that with respect to any

15 HIGHLY CONFIDENTIAL financial projections to be provided to Plaintiff's economic expert 1)

16 the parties will meet and confer prior to the disclosure of experts and, if unable to informally

17 resolve any dispute regarding Mr. Vincent's access to the information, 2) will request the Court's

18 intervention on an expedited basis.

19   12. Except with respect to HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

20 MATERIALS, any Party and Reviewing Representative may disclose CONFIDENTIAL

21 MATERIALS to any other Reviewing Representative as long as the receiving Reviewing

22 Representative have executed and delivered a Nondisclosure Certificate to the Producing Party.

23 In the event that any Reviewing Representative to whom the CONFIDENTIAL MATERIALS are

24 disclosed ceases to be engaged in these Proceedings, or is employed or retained for a position

25 whereby that person is no longer qualified to be a Reviewing Representative under paragraph 10,

26 access to CONFIDENTIAL MATERIALS by that person shall be terminated.

27   13. a. If the Receiving Party intends to submit or use in this Proceeding any

28 CONFIDENTIAL MATERIALS such that the submission or use would result in a public

disclosure of those CONFIDENTIAL MATERIALS, including, without limitation, the presentation of prepared testimony, cross-examination, briefs, comments, protests, or other presentations before the court, the attorney for the Receiving Party shall contact the attorney for the Producing Party as soon as possible and, where practicable, not later than 3 business days prior to such use, and both counsel shall constructively explore means of identifying the CONFIDENTIAL MATERIAL so that the confidentiality thereof may be reasonably protected (including, but not limited to, submission of testimony and briefs under seal and clearing the hearing room during examination, discussion, or argument concerning the CONFIDENTIAL MATERIAL), while at the same time enabling an effective presentation.

Parties shall comply with Civil Local Rule 79-5

        b.     Filing Under Seal – Discovery Motions. When filing or opposing a motion for discovery, counsel must file under seal any information designated as "CONFIDENTIAL MATERIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" as well as any materials setting forth the substance of that information. Counsel must deliver such information and materials to the Clerk of the Court in a sealed envelope clearly marked as "CONFIDENTIAL MATERIALS" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY".

        c.     Filing Under Seal – Non-Discovery Motions. When filing or opposing a motion related to matters other than discovery, counsel must lodge conditionally under seal any information designated as "CONFIDENTIAL MATERIALS" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" as well as any materials setting forth the substance of that information.

        14.     a. Before a Party or attorney allows any person (other than attorneys of record and their employees, the US District Court, outside or inside counsel, or witnesses who are under oath at deposition, as discussed below) to have access to documents marked "Confidential," the other Party or attorney shall first show that person a copy of this Agreement and Order and shall solicit his or her agreement to its terms. Only persons listed in Paragraph 8 above may be shown such documents. Attorneys shall maintain a record of all written agreements signed by persons to whom they have given such documents.

b.    If a deponent is allowed to have access during their deposition to documents marked "Confidential", they are not required to sign an agreement in the form attached as Exhibit A. However, they must be provided a copy of this Agreement and Order during the deposition and they may not retain copies of confidential documents or view them outside of their deposition or during breaks in the deposition. Confidential documents used as exhibits will be separately bound and marked as "Confidential Exhibits."

15.    If a Party or attorney for a Party desires to disclose any document marked "Confidential" to any person who is not specifically authorized to have access to such document pursuant to Paragraph 10, the Party or attorney shall not make such a disclosure until the attorney has first met and conferred with the attorney for the Party who designated the document as "Confidential." The attorneys will then have ten (10) days to negotiate, and if they cannot agree, the Party seeking to disclose will have 10 days to file a motion with the Court. While such a motion is pending before the Court, the attorneys shall not disclose the document except as authorized in this Agreement and Order. The Party claiming confidentiality shall bear the burden of supporting the designation. The Court may make any orders it deems fair and equitable including conditioning disclosure upon execution of this Agreement.

16.    This Agreement and Order is not intended to govern the use of "Confidential" material at the trial of this action. Procedures governing the use of "Confidential" material at trial, if necessary, will be established by the Trial Court.

17.    If any party, or such party's counsel, objects to the designation of any document, testimony, information or material as "Confidential" the parties shall meet and confer in an effort to resolve any such dispute. If the parties are unable to resolve such dispute, the objecting party may bring a motion to have the contested information declared non-Confidential. Unless and until an Agreement and Order is entered to the contrary, the documents, testimony or material shall be given the "Confidential" treatment initially assigned to it and provided for in this Protective Order.

18.     The restrictions imposed by this Agreement and Order may only be modified or terminated by written stipulation of all parties or by order of this Court. This Agreement and Order shall survive termination of this action except that (i) there shall be no restriction on documents that have been used as exhibits in open court, and (ii) any Party may seek the written permission of all other parties or further order of this Court, after notice to the other parties and opportunity to be heard, to modify or dissolve this Protective Order.

19.     Upon termination of the Litigation, including any appeals, the Parties shall destroy the originals and copies of "Confidential" documents, unless a Party or non-party requests in writing, return of any Confidential documents within ten (10) days of the termination of the litigation. Returning of documents shall be at requesting party's expense. No Party receiving confidential documents may copy them except as Exhibits for archive, depositions, declarations or trial and for each co-counsel. No Party shall give the confidential documents to anyone not covered by this Order.

20.     Violations of this Agreement shall subject the violating Party to sanctions permitted by the Discovery Act for discovery abuses as well as any other remedies available in law or equity.

////
////
////
////
////
////
////
////
////
////
////
////

1       21.    The attorneys of record for the undersigned Parties are in accord with the above

2  terms of this Agreement and Order as acknowledged hereafter by their signatures, and request the

3  Court enter this Agreement and Order.

4

5

6     So Stipulated.

7

8   Dated:

                                        /s/

9                                      MICHAEL W. FOSTER

                                      MADELYN JORDAN-DAVIS

10                                    Foster & Associates

                                    Attorneys for Defendants

11                                    Pacific Gas and Electric Company

                                    Rick Fuhrman

12

13

14   Dated:

                                        /s/

15                                      PAMELA Y. PRICE, ESQ.

                                    Price and Associates

16                                    Attorneys for Plaintiff

                                    Adolph L. Vincent, Jr.

17  IT IS SO ORDERED:

18  DATED:

19                                    SUSAN ILLSTON

                                    United States District Judge

20

21

22

23

24

25

26

27

28

STIPULATION AND PROPOSED PROTECTIVE ORDER

NONDISCLOSURE CERTIFICATE

I hereby acknowledge that I, _____ [Name],

_____ [Position and Employer] am

about to receive confidential information supplied in connection with the above-captioned

proceeding, Case No. C07-705531 SI [United States District Court, Northern District]. I certify

that I understand that I understand that the CONFIDENTIAL INFORMATION,

CONFIDENTIAL MATERIALS and/or HIGHLY CONFIDENTIAL ATTORNEYS' EYES

ONLY MATERIALS are provided to me subject to the terms and restrictions of the

CONFIDENTIALITY AGREEMENT AND STIIPULATED PROTECTIVE ORDER executed

by Pacific Gas & Electric Company and Mr. Adolph Vincent, Jr. on November 26, 2008. I have

been given a copy of said Agreement; I have read it, and I agree to be bound by its terms. I

understand that the CONFIDENTIAL INFORMATION, CONFIDENTIAL MATERIALS,

and/or HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY MATERIALS as contemplated

in the Agreement, including any notes or other records that may be made regarding any such

materials, shall not be disclosed to anyone except as expressly permitted by the Agreement.

Dated: _____     _____

STIPULATION AND PROPOSED PROTECTIVE ORDER