IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOLPH L. VINCENT, JR., | No. C 07-5531 SI |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT** |
| v. | |
| PACIFIC GAS & ELECTRIC, CO., *et al.*, | |
| Defendants. | |

The parties' motions for summary judgment are scheduled for a hearing on August 21, 2009. Pursuant to Civil Local Rule 7-1(b), the Court determines that the motions are appropriate for resolution without oral argument. For the reasons set forth below, the Court GRANTS in part and DENIES in part PG&E's motion for summary judgment, GRANTS in part and DENIES in part Fuhrman's motion for summary judgment, and DENIES plaintiff's motion for summary judgment.[1]

**BACKGROUND**

Plaintiff Adolph Vincent, an African-American man, worked for defendant PG&E for over 35 years before he was terminated in February 2006. At the time of his termination, plaintiff was working as a supervisor. The parties dispute many of the facts giving rise to plaintiff's claims, but the following

---

[1] As a general matter, defendants contend that they are entitled to summary judgment on all claims because plaintiff's oppositions were filed late. While the Court does not condone any party's failure to comply with briefing schedules, the Court prefers to consider matters on their merits rather than on procedural grounds.

is undisputed. Plaintiff and his wife are originally from Louisiana, and at the time of Hurricane Katrina in August 2005, plaintiff and his wife had many relatives in Louisiana. In September 2005, plaintiff requested vacation leave in order to travel to Louisiana to help his family, including his elderly mother. Plaintiff's supervisor, defendant Rick Fuhrman, granted the request, and in October 2005, plaintiff and his wife traveled to Louisiana. Several days before he was scheduled to return from vacation, plaintiff called and asked to extend his leave. Fuhrman denied the request, and plaintiff returned to work on November 7, 2005.

The day plaintiff returned to work, Fuhrman questioned plaintiff about several incidents of alleged misconduct by plaintiff. The incidents involved whether plaintiff asked a clerk to falsely submit his expense report in her name, as well as plaintiff's handling of a September 23, 2005 automobile accident by one of plaintiff's subordinates and October 7, 2005 auto incident involving another one of plaintiff's subordinates. Fuhrman initiated an investigation by the PG&E Corporate Security Department. The investigation concluded that plaintiff had engaged in misconduct, and PG&E terminated plaintiff in February 2006.

On October 30, 2007, plaintiff filed this lawsuit against PG&E and Fuhrman. The complaint alleges eight causes of action: (1) 42 U.S.C. § 1981 race discrimination claim against both defendants; (2) FEHA race discrimination claim against both defendants; (3) FEHA retaliation claim against both defendants; (4) FEHA family leave claim against PG&E; (5) FEHA age discrimination claim against PG&E; (6) FEHA failure to prevent discrimination claim against PG&E; (7) Title VII race discrimination claim against PG&E; and (8) Title VII retaliation claim against PG&E. Now before the Court are the parties' motions for summary judgment.

## LEGAL STANDARD

Summary adjudication is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

In a motion for summary judgment, "[if] the moving party for summary judgment meets its

initial burden of identifying for the court those portions of the materials on file that it believes demonstrate the absence of any genuine issues of material fact, the burden of production then shifts so that the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial." *See T.W. Elec. Service, Inc., v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). In judging evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, and draws all inferences in the light most favorable to the non-moving party. *See T.W. Electric*, 809 F.2d at 630-31 (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)); *Ting v. United States*, 927 F.2d 1504, 1509 (9th Cir. 1991). The evidence presented by the parties must be admissible. Fed. R. Civ. P. 56(e). Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

**DISCUSSION**

Plaintiff moves for summary judgment on the FEHA family leave claim, defendant PG&E moves for summary judgment on all claims, and defendant Fuhrman moves for summary judgment on the claims alleged against him.[2] Plaintiff does not oppose defendants' motions as to the following: (1) the FEHA age discrimination claim; (2) the FEHA race discrimination claim against defendant Fuhrman; and (3) the FEHA retaliation claim against defendant Fuhrman, and thus the Court GRANTS defendants' motions on those claims. What remains at issue are plaintiff's § 1981 race discrimination claim against both defendants; the FEHA race, retaliation, family leave and failure to prevent discrimination claims against PG&E; and the Title VII race and retaliation claims against PG&E.

Plaintiff also agrees with defendants' statements regarding the applicable statute of limitations on the various claims. Accordingly, plaintiff's § 1981 claim is limited to acts occurring after October 29, 2003; plaintiff's FEHA claims are limited to acts occurring after May 22, 2005; and plaintiff's Title VII claims are limited to acts occurring after July 25, 2005.

---

[2] Defendant Fuhrman's motion also discusses the eighth cause of action for retaliation under Title VII. However, that claim is only alleged against PG&E.

3

**I.      FEHA family leave claim**

Plaintiff alleges that PG&E violated his rights under the California Family Rights Act ("CFRA"), which is part of FEHA, when Fuhrman and PG&E denied his request to extend his leave in November 2005. Plaintiff claims that he requested to extend his leave in order to take care of his elderly mother, who had been hospitalized and who had a number of serious medical conditions. Plaintiff and PG&E move for summary judgment on this claim.

In order to bring a claim under CFRA, a plaintiff must show (1) the employer was covered under the CFRA, (2) that he is an "eligible employee," (3) the employee's request was reasonable, (4) the request is for a qualifying CFRA purpose, and (5) the employer denied the request for CFRA leave. Cal. Gov't Code § 12945.2(c). The parties do not dispute that PG&E is covered under the CFRA, that plaintiff is an eligible employee, or that PG&E denied the request. The parties' dispute centers on whether plaintiff's request was reasonable, and in particular, whether plaintiff informed Fuhrman and PG&E that the reason he wanted to extend his leave was because he wanted to care for his sick mother.[3] Defendant Fuhrman has submitted a declaration stating that when he spoke with plaintiff, "Vincent explained that he was sending his son back on a plane but that he wanted to stay a few additional days. During that conversation, he did not mention that his mother was ill or that he wanted additional care for her." Fuhrman Decl. ¶ 26.[4]

The Court finds that there are disputes of fact regarding the nature of plaintiff's request for additional leave, and thus that summary judgment in favor of either party is inappropriate. Accordingly, the Court DENIES plaintiff's motion for summary judgment, and DENIES PG&E's motion for summary judgment on this claim.

---

[3] Defendants do not dispute that plaintiff's mother suffered from serious medical conditions.

[4] Plaintiff objects to a portion of defendant Fuhrman's statement on hearsay grounds. The Court overrules this objection on the ground that the testimony is not offered for the truth of the matter asserted, but to establish state of mind.

4

## II.     § 1981, FEHA and Title VII race discrimination and failure to prevent discrimination claims

Defendants contend that plaintiff cannot make out a *prima facie* case of race discrimination because plaintiff has no evidence of racial animus. Defendants further contend that even if plaintiff can make out a *prima facie* case, PG&E had a legitimate, non-discriminatory reason for plaintiff's termination, namely plaintiff's misconduct as documented by the internal PG&E investigation. In response, plaintiff contends, *inter alia*, that he was treated differently than his Caucasian counterparts in a variety of ways, including with respect to discipline. Plaintiff has submitted evidence that Caucasian employees were disciplined less harshly or not at all for acts similar to the alleged misconduct that led to plaintiff's termination, as well as evidence suggesting that the procedures followed with regard to questioning and investigating plaintiff's alleged misconduct differed from the norm. Plaintiff also disputes whether he in fact violated any PG&E rules with regard to the alleged misconduct, and has submitted evidence to this effect.

Defendants dispute plaintiffs' evidence in a variety of ways, including contending that plaintiff cannot fairly compare himself to his Caucasian co-workers because plaintiff committed worse infractions.[5] The Court finds that on this record, there are numerous disputes of fact such that summary judgment on plaintiff's race discrimination claims is inappropriate, and accordingly DENIES defendants' motions. *See McGinest v. GTE Service Corp.*, 360 F.3d 1103, 1122-23 (9th Cir. 2004).

## III.    FEHA and Title VII retaliation claims

PG&E moves for summary judgment on plaintiff's retaliation claims on the ground that plaintiff did not engage in any protected activity. Plaintiff asserts that he engaged in protected activity during the spring and summer of 2005 by advocating on behalf of African-American employees Art Haskins and Mike Johnson. Plaintiff claims that he repeatedly asked Fuhrman to implement diversity training that was recommended after Mr. Haskins filed a complaint of racial harassment. Plaintiff also asserts

---

[5] Defendants' reply briefs state that plaintiff's evidence is not credible or admissible, and refer the Court to "Defendants' Objections to Evidence." However, the only evidentiary objections that defendants have filed are to the evidence plaintiff filed in support of his motion for summary judgment. In any event, credibility determinations are inappropriate on summary judgment. If this case proceeds to trial, the parties may raise evidentiary objections at that time or in pretrial motions in limine.

that he engaged in protected activity in the fall of 2005 by refusing to deny an African-American employee's request for medical leave, and that he and Fuhrman disagreed about the issue.

Defendant contends that plaintiff did not actually advocate on behalf of the African-American employees, and that no one at PG&E perceived him to be protesting race discrimination. Instead, defendant contends that plaintiff was simply involved as a witness in the internal EEO investigation involving Mr. Haskins, and that the incident involving Mr. Johnson was not race-related. With regard to the medical leave issue, defendant asserts that "Vincent's claim that Fuhrman instructed him to deny Crozier's request for Family Medical Leave is without merit and, frankly, appears to be dishonest." Reply at 7:22-24. Defendant notes that Mr. Crozier's declaration states that he did not request FMLA leave until June 2006, after plaintiff was terminated. However, Mr. Crozier's declaration also states that he began to experience medical issues in 2004 and 2005, and that he took sick leave in November 2005.

The Court finds that there are numerous disputes of fact as to whether plaintiff engaged in protected activity, and therefore summary judgment is inappropriate. While defendant claims that no one at PG&E perceived plaintiff to be advocating on behalf of his African-American employees or otherwise protesting race discrimination, plaintiff has submitted evidence to the contrary, including declarations from Messrs. Haskins, Johnson and Crozier. *See Moyo v. Gomez*, 40 F.3d 982, 984 (9th Cir. 1994) (holding that protesting or opposing unlawful employment discrimination directed against other employees is a protected activity); *see also Yanowitz v. L'Oreal USA, Inc.*, 36 Cal.4th 1028 (2005). If plaintiff did engage in protected activity in the spring, summer and fall of 2005, there is a sufficient temporal proximity between that activity and plaintiff's termination in February 2006 to maintain a retaliation claim. Accordingly, the Court DENIES PG&E's motion for summary judgment.

**CONCLUSION**

For the reasons stated above, the Court concludes that there are triable issues of fact on plaintiff's medical leave, race and retaliation claims, and accordingly DENIES the parties' motions for summary judgment except to the extent conceded by plaintiff. (Docket Nos. 58, 59 & 69). Because there are triable issues of fact, the Court also DENIES defendants' motions for summary judgment as to the issue of punitive damages. The Court does not rule on majority of the parties' evidentiary

objections because this order does not rely on the evidence at issue.

**IT IS SO ORDERED.**

Dated: August 17, 2009

SUSAN ILLSTON
United States District Judge